FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
- ALEXANDRIA DIVISION -

2009 NOV -4 P 1: 33

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**ASHENDORF & ASSOCIATES LTD.**
3 Fivefields Close
Watford, Herts WD19 5BZ,

**MICHAEL FREEDMAN**
8 Marsh Point, Marsh Road
Pinner, Middlesex HA5 5ND, and

**JAYHUN REZAYEV**
146 Great West Rd
Middlesex, London TW5 9AP,

    Plaintiffs,

v.

**SMI-HYUNDAI CORPORATION,**
8300 Greensboro Drive, Suite 800
McLean, VA 22102,

    Defendant.

CIVIL ACTION NO. 1:09CV1236-GBL/IDD

## COMPLAINT

Plaintiffs Ashendorf & Associates Limited ("Ashendorf"), Michael Freedman ("Freedman"), and Jayhun Rezayev ("Rezayev"), by and through their attorneys, Mayer Brown LLP, for their Complaint against Defendant SMI-Hyundai Corporation ("SMI"), now allege as follows:

### NATURE OF ACTION

1. This action seeks monetary damages for breach of contract. In December 2006, SMI contacted Ashendorf and Freedman to request assistance in securing financing for a construction project after its own efforts to arrange financing were unsuccessful. In

consideration for that assistance, SMI executed an agreement requiring it to pay plaintiffs a 2% commission on the amount of the loan, which fee was due upon SMI's repayment of the loan. After repaying the loan in full, however, SMI refused to pay the commission to plaintiffs, necessitating this litigation to recover the amounts due plaintiffs under their contract with SMI, together with pre-judgment and post-judgment interest.

## JURISDICTION AND VENUE

2. Jurisdiction for this action arises under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the plaintiffs and the defendant, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Venue is proper under 28 U.S.C. § 1391(a) because defendant SMI resides in this District, and because defendant SMI is subject to personal jurisdiction in this District.

## THE PARTIES

4. Michael Freedman is a natural person and a citizen of the United Kingdom.

5. Ashendorf & Associates Ltd. is a limited company organized and existing under the laws of the United Kingdom, with its principal place of business located at 27 Old Gloucester Street, London WC1N 3XX. The company provides consulting services in connection with financing and real estate transactions.

6. Jayhun Rezayev is a natural person and a citizen of the United Kingdom.

7. SMI-Hyundai Corporation is a U.S.-based multinational construction management company. On information and belief, SMI is organized and existing under the laws of Delaware. SMI's principal place of business is located at 8300 Greensboro Drive, Suite 800, McLean, VA 22102.

## FACTUAL BACKGROUND

### A. SMI's Redevelopment Project in Bonn, Germany

8. SMI is in the business of planning, developing, and managing large-scale construction projects. In or about October 2005, SMI won a contract to redevelop an existing conference center in Bonn, Federal Republic of Germany, into a luxury hotel (the "Bonn Project"). The German government agreed to finance a portion of the Bonn Project through grants and government-guaranteed loans, conditioned on SMI's ability to arrange additional financing from one or more private lenders.

9. After months of negotiations with potential lenders, SMI was unable to secure the private financing it was obligated to obtain under its agreement with the German government. On information and belief, in or about December 2006, the German government threatened to terminate SMI's contract, and the German banks that provided government-guaranteed financing to SMI threatened to foreclose on their loans.

### B. SMI's Contract with Plaintiffs

10. Faced with the imminent loss of the Bonn Project, SMI approached plaintiffs in December 2006 and asked them to assist in locating a private lender willing and able to lend at least 10 million Euros (€ 10,000,000) to SMI. Plaintiffs are in the business of providing financial and strategic consulting services to clients around the world, drawing upon an international network of resources.

11. Plaintiffs agreed to undertake a diligent search for financing on SMI's behalf in exchange for a commission, or "finder's fee," of two percent (2%) of the resulting loan amount if the search was successful. This fee structure was memorialized in a written agreement executed by the parties on February 4, 2007, a true copy of which is attached as Exhibit 1 (the "Contract").

Specifically, the Contract provides that upon "payment of the loan to SMI Hyundai, a related company or related shareholder, we confirm that SMI Hyundai Corporation will pay you a finders fee of 2 % of the loan value of 10 million Euros [or] the new amount, should the amount change." The Contract obligates SMI to "pay said amount fee upon repayment of [the] principal amount" of the loan.

12. The Contract was executed by Daniel Ashendorf on behalf of plaintiffs, and by Dr. Man Ki Kim on behalf of SMI. As of February 4, 2007, Dr. Kim was SMI's Chief Executive Officer and the Chairman of its board of directors. As such, he had both actual and apparent authority to execute the Contract on behalf of SMI. Upon information and belief, Dr. Kim continues to serve as SMI's Chairman.

C. **Plaintiffs' Full Performance of the Contract**

13. In accordance with the parties' agreement, plaintiffs worked diligently to locate a lender willing to make a loan of at least € 10 million to SMI. Working in collaboration with two London-based financiers with whom they have previously done business, plaintiffs successfully arranged for SMI to obtain a loan in the principal amount of € 10.3 million from an affiliate of Arazim Investments Ltd. ("Arazim"), which is based in Israel.

14. SMI's loan from Arazim was funded in or about February 2007.

15. In or about June 2008, Arazim obtained full repayment of the loan from SMI, together with all interest due on the loan, thereby triggering SMI's contractual duty to pay plaintiffs their commission of 2% of the loan amount, or € 206,000.

D. **SMI's Breach of the Agreement**

16. On July 1, 2008, after learning that SMI's loan from Arazim fully had been repaid, plaintiffs issued an invoice to SMI requesting payment of their 2% commission. SMI did

not promptly respond to plaintiffs' request for payment. Accordingly, plaintiffs contacted the lawyer who represented SMI in connection with the Bonn Project, Thilo Wolfditrich. During a telephone conversation with Daniel Ashendorf, Mr. Wolfditrich confirmed that he continued to represent SMI, and he acknowledged without reservation that the commission called for by the Contract was due and payable to plaintiffs.

17. Throughout the second half of 2008, plaintiffs made numerous demands for payment on SMI, Dr. Kim, and Mr. Wolfditrich. Despite those demands, SMI failed to pay the 2% commission due plaintiffs.

18. In early April 2009, plaintiffs learned that David Dale had succeeded Dr. Kim as CEO of SMI, although Dr. Kim continued to serve as Chairman of the company. On April 10, 2009, plaintiffs sent an email to Mr. Dale attaching a copy of the Contract, summarizing the history of SMI's loan from Arazim, and demanding payment of the 2% commission due plaintiffs. Mr. Dale later informed plaintiffs that SMI would not pay the commission voluntarily.

## CLAIM FOR RELIEF

### (Breach of Express Contract)

19. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 18, as if fully set forth herein.

20. Under Virginia law, an action for breach of contract requires "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Ulloa v. QSP, Inc.*, 271 Va. 72, 79 (2006).

21. On February 4, 2007, plaintiffs entered into a written agreement with SMI requiring SMI to pay a 2% commission on a € 10 million loan arranged by plaintiffs, which fee was due and payable upon SMI's repayment of the loan.

22. Plaintiffs have done and performed all things required by them to be performed to date under the terms of the Contract.

23. SMI's conduct set forth above demonstrates that it has materially breached the Contract between itself and plaintiffs.

24. SMI's material breach of Contract has actually and proximately caused plaintiffs to suffer damages including, but not limited to, the loss of the funds they are due under the Contract.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for the following relief:

1. An award of damages against SMI for breach of contract, in an amount subject to proof;

2. In the alternative, specific performance by SMI of its obligations under the contract;

3. Pre-judgment interest at the highest legal rate, from and after the date on which SMI became liable to plaintiffs;

4. Post-judgment interest at the highest legal rate, from and after the date on which judgment is entered in favor of plaintiffs and against SMI; and

5. Such other and further relief as this Court deems just and proper.

Dated: November 4, 2009

Respectfully submitted,

By: *(signature)*

Andrew A. Nicely (Va. No. 41750)
anicely@mayerbrown.com
Amanda Hine (Va. No. 73041)
ahine@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
Tel. (202) 263-3000
Fax (202) 263-3300

*Counsel for Plaintiffs*